UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA

     Plaintiff,

v.

DEVAL HATCHER,

     Defendant.

Case No. 2:23-cr-00012-NJK

**Order**

[Docket No. 22]

Pending before the Court is Defendant's motion to dismiss for violation of separation of powers.  Docket No. 22.  The United States filed a response,  Docket No. 27, and Defendant filed a reply, Docket No. 28.  For the reasons more fully discussed below, Defendant's motion is **DENIED**.

I.   **BACKGROUND**

Defendant is charged with operating a vehicle in excess of the posted speed limit in Red Rock National Conservation Area on September 2, 2022, in violation of 43 C.F.R. § 83651.1-3(a).[1] [2]  Docket No. 1 at 1.  43 C.F.R. § 83651.1-3(a) was promulgated by the Secretary of the Interior pursuant to authority delegated to her under 43 U.S.C. § 1733(a).[3]

---

[1]    Defendant was originally charged with resisting issuance of a citation in violation of 43 C.F.R. § 8365.1-4(a)(4) and exceeding posted speed in violation of 43 C.F.R. § 83651.1-3(a). Docket No. 7 at 2.  The United States dismissed the charge of resisting issuance of a citation.  *See* Docket No. 4-1.  The criminal information in this case only charges Defendant with violating 43 C.F.R. § 83651.1-3(a).  *See* Docket No. 1.

[2]    43 C.F.R. § 83651.1-3(a) provides that "[w]hen operating a vehicle on the public lands, no person shall exceed posted speed limits, willfully endanger persons or property, or act in a reckless, careless or negligent manner."

[3]    43 U.S.C. § 1733(a) provides, in part, that "[t]he Secretary [of the Interior] shall issue regulations necessary to implement the provisions of this Act with respect to the management, use, and protection of the public lands, including the property located thereon. Any person who knowingly and willfully violates any such regulation which is lawfully issued pursuant to this Act shall be fined no more than $1,000 or imprisoned no more than twelve months, or both."

1  Defendant previously moved to dismiss the criminal information on the grounds that the
2  charging regulation violated the nondelegation doctrine.  Docket No. 12.  The Court denied that
3  motion but allowed Defendant to refile his separation of powers challenge.  Docket No. 17.

4  Defendant submits that the criminal information against him should be dismissed because
5  the regulation under which he is charged was promulgated pursuant to a "scheme [that] violates
6  separation of powers because it unlawfully accedes legislative power in the executive branch."
7  Docket No. 22 at 2.  The United States responds that "Congress' delegation of authority to
8  promulgate criminal offenses does not violate separation of powers" because the instant regulation
9  complies with the requirements from the case law.  Docket No. 27 at 3-9.

10  ## II.     DISCUSSION

11  **"**The Constitution sought to divide the delegated powers of the new federal government
12  into three defined categories, legislative, executive and judicial, to assure, as nearly as possible,
13  that each Branch of government would confine itself to its assigned responsibility."  *I.N.S. v.*
14  *Chadha*, 462 U.S. 919, 951 (1983).  It is this "principle of separation of powers that underlies our
15  tripartite system of Government."  *Mistretta v. United States*, 488 U.S. 361, 371 (1989).  However,
16  although the "Constitution mandates that each of the three general departments of government
17  must remain entirely free from the control or coercive influence, direct or indirect, of either of the
18  others, the Framers did not require – and indeed rejected – the notion that the three Branches must
19  be entirely separate and distinct."  *Id.* at 380 (internal citations and quotations omitted).

20  Courts evaluating whether a statute violates the separation of powers must remain
21  cognizant of the "hydraulic pressure inherent within each of the separate Branches to exceed the
22  outer limits of its power."  *Buckley v. Valeo*, 424 U.S. 1, 122 (1976).  The Supreme Court has
23  "described the separation-of-powers inquiry as focusing on the extent to which a provision of law
24  prevents [the intruded upon Branch] from accomplishing its constitutionally assigned functions."
25  *Mistretta*, 488 U.S. at 383 (quoting *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 443 (1977)).
26  When a court "is asked to invalidate a statutory provision that has been approved by both Houses
27  of the Congress and signed by the President, … it should only do so for the most compelling
28  constitutional reasons."  *Id.* at 384 (quoting *Bowsher v. Synar*, 478 U.S. 714, 736 (1986)).

As Defendant notes, "only the people's elected representatives in the legislatures are authorized to make an act a crime."  Docket No. 22 at 5 (quoting *United States v. Davis*, 139 S. Ct. 2319, 2325 (2019)).  Defendant submits that 43 U.S.C. § 1733(a) violates this principle because it allows the Executive Branch to define what conduct triggers criminal penalties.  *Id.* at 5-9.  It has long been recognized, however, that "when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions power to fill up the details by the establishment of administrative rules and regulations, the violation of which could be punished by fine or imprisonment fixed by Congress."  *United States v. Grimaud*, 220 U.S 506, 517 (1911) (internal quotations omitted).

43 U.S.C. § 1733(a), and the regulations issued under it, do not violate the separation of powers.  § 1733(a) dictates that the Secretary of the Interior "shall issue regulations necessary to implement the provisions of [the Federal Land Policy and Management Act] with respect to the management, use, and protection of the public lands."  The statute, however, does not allow the Secretary to decide whether regulations promulgated pursuant to § 1733(a) are enforced via civil or criminal penalties.  Instead, Congress directed that "[a]ny person who knowingly and willfully violates any such regulation which is lawfully issued pursuant to this Act shall be fined no more than $1,000 or imprisoned no more than twelve months, or both."  *Id.*  Here, Congress determined the criminal act, a knowing and willful violation of a regulation, and set the penalty for that act. The Supreme Court has "upheld delegations whereby the Executive or an independent agency defines by regulation what conduct will be criminal, so long as Congress makes the violation of regulations a criminal offense and fixes the punishment, and the regulations confine themselves within the field covered by the statute."  *Loving v. United States*, 517 U.S. 748, 768 (1996) (quoting *Grimaud*, 220 U.S. at 518).  Considering that Congress has set the act and the penalties, and the regulations promulgated under § 1733(a) are limited to land under Bureau of Land Management control, the Court can find no "compelling constitutional reasons," *Mistretta*, 488 U.S. at 384, to hold that § 1733(a) violates the separation of powers.

Defendant submits that, "because Congress did not work in conjunction with the Executive Branch to promulgate [the relevant] regulations," §1733(a) requires the Secretary to do more than

"merely define the particulars" Docket No. 22 at 8.  To support this proposition, he attempts to differentiate *United States v. Kuok*, 671 F.3d 931, 938 (9th Cir. 2012); *United States v. Gurrola-Garcia*, 547 F.2d 1075, 1078-79 (9th Cir. 1975); and *Touby v. United States*, 500 U.S. 160 (1991). Docket No. 22 at 8.  *Kuok* involved a challenge to the President's power to define the items on the United States Munitions List, with the unlicensed export or import of such items being criminally prohibited. 671 F.3d at 938-39.  Similarly, *Gurrola-Garcia* involved a challenge to the President's power to identify other arms, with the improper export or import of such items triggering criminal sanctions.  547 F.2d at 1078-79.  *Touby* involved a challenge to the Attorney General's power to designate certain substances to be scheduled as controlled substances.  500 U.S. at 164-69.  It is true that § 1733(a) requires the Secretary to do more than identify certain arms which cannot be exported or certain substances which may not be possessed.  That a statute requires the Executive Branch to fill in more details than another statute, however, does not change the fact that Congress provided criminal punishments for violating those details. Moreover, the statute at issue in *Grimaud* required the Secretary of Agriculture to issue regulations for federal forest reserves to "regulate their occupancy and use, and to preserve the forests thereon from destruction," and provided criminal penalties for violation of those regulations.[4]  *Grimaud*, 220 U.S at 515 (quoting 30 Stat. at L. 35, chap. 2, U. S. Comp. Stat. 1901, p. 1540).  Though the *Grimaud* statute is not linguistically identical to § 1733(a), it allowed for just as broad of scope of regulations to be issued under it as § 1733(a) currently allows.  "[T]he authority to make administrative rules is not a delegation of legislative power, nor are such rules raised from an administrative to a legislative character because the violation thereof is punished as a public offense," even when a statute grants

---

[4]   Defendant submits that, because the *Grimaud* defendants were charged with grazing sheep without a permit, the regulation they violated is more administrative in nature than the regulation Defendant is accused of violating.  Docket No. 28 at 3-5.  Regardless of any differences between sheep grazing and speeding, it is the fact that § 1733(a) is consistent with other statutes that have been found to not violate the separation of powers that is dispositive. *See, e.g.*, *Grimaud*, 220 U.S. at 515-20;  *Gurrola-Garcia*, 547 F.2d at 1079 (collecting cases); *United States v. Cassignol*, 420 F.2d 868, 876-77 (4th Cir. 1970) (upholding statute similar to § 1733(a) that delegated authority to the General Services Administration to promulgate regulations that could trigger criminal sanctions); *United States v. Moriello*, 980 F.3d 924, 932-33 (4th Cir. 2020) (same).

as much discretion to the Executive Branch as § 1733(a) grants.   *Grimaud*, 220 U.S. at 521.

**IV.    CONCLUSION**

For the reasons more fully discussed above, Defendant's motion to dismiss for violation of separation of powers is **DENIED**.  Docket No. 22.

IT IS SO ORDERED.

Dated: March 24, 2023

_____
Nancy J. Koppe
United States Magistrate Judge